A99A1592. In the Interest of M. M., a child.
A99A1593. In the Interest of D. M., a child.
(524 SE2d 274)

Barnes, Judge.

Following an adjudicatory hearing in the DeKalb County Juvenile Court, M. M. and D. M. (collectively "the minors") were found delinquent on the charge of burglary in violation of OCGA § 16-7-1. The minors appeal, contending the State failed to prove the elements of burglary beyond a reasonable doubt and that the evidence presented at the hearing was insufficient to support their adjudications of delinquency. We disagree and affirm.

On appeal we must view the evidence in the light most favorable to the findings and adjudication of the juvenile court to determine if a rational trier of fact could have found, beyond a reasonable doubt, that the juveniles committed the offense charged. *In the Interest of R. L. W.*, 225 Ga. App. 253, 254 (483 SE2d 361) (1997); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Further, we must "construe the evidence with every inference and presumption in favor of upholding the findings of the trier of fact, [and] [i]ssues of the credibility of the witnesses and the resolution of conflicts in the evidence fall within the province of the trial court." (Citations omitted.) *In the Interest of R. A. W.*, 197 Ga. App. 225 (398 SE2d 261) (1990).

Viewed in this light, the record shows that on May 26, 1998, at approximately 5:35 p.m., Judy Doyle returned to her apartment after work to retrieve her son's baseball glove for his practice that afternoon. When Doyle tried to open the front door, she discovered the inside chain was attached, and she heard blinds rattling at the sliding glass door in the back of her apartment, as if someone were leaving.

Doyle immediately ran around the outside of her apartment building to the back of her apartment, which was located on the ground floor. As she approached her apartment, she saw the minors running away from her apartment and toward her and their apartment. When she saw them, they were on the grass next to her concrete patio, which was outside the sliding glass doors where she had heard the blinds rattling. The juveniles were not carrying anything as they ran toward their apartment, but one of them asked Doyle, "What's wrong, Ms. Judy?"

Doyle did not respond and continued running to her apartment, where she found that the sliding glass door was open. She immediately went next door to call the police. After calling the police, Doyle noticed her grill, which the minors had borrowed the previous day, on the patio of their apartment. When she retrieved it, she also saw her son's baseball glove on the minors' patio, just outside their door. She testified that this glove had been on her kitchen counter when she left for work that morning.

Doyle then returned to her apartment and discovered that her computer monitor, television, answering machine, cordless phone, a bracelet, two gold rings, a watch, a jar of coins, video games, two video game players, and all of her compact discs were missing. None of the missing items was located in a search of the minors' apartment two days after the burglary. The minors were the only people Doyle saw behind her apartment after she interrupted the burglary.

One of the minors, M. M., testified that he arrived home from school around 3:00 p.m., went straight to his room, and stayed there all afternoon because he was "on punishment." He further testified that he did not see Doyle on the day of the burglary or commit the burglary.

The other minor, D. M., testified that after he arrived home from school, he returned Doyle's grill to her patio. His aunt, however, told him to bring the grill back to their apartment because he had not cleaned it, and D. M. said he complied with her request. He claimed that he stayed indoors the rest of the afternoon watching television with his aunt and denied seeing Doyle that day.

The minors contend these facts do not satisfy the elements of burglary beyond a reasonable doubt. At the adjudication hearing, the State was required to prove the minors made an unauthorized entry into Doyle's apartment with the intent to commit a theft. OCGA § 16-7-1. The evidence shows that Doyle did not give anyone permission to enter her apartment, that no one else should have been in her apartment, that a rear bedroom window was broken when she came home, and that many valuable items were missing. This evidence shows beyond a reasonable doubt that a burglary took place at Doyle's apartment. The issue before us is whether the evidence sufficiently shows that the minors committed the burglary.

The minors contend the circumstantial evidence against them is insufficient to support their burglary convictions because it is also consistent with innocence. The evidence linking the minors to the burglary, which is entirely circumstantial, consists of Doyle's testimony that she saw the minors running away from her patio after she interrupted the burglary and the fact that her son's glove had been removed from her apartment and placed outside the minors' patio door.

This circumstantial evidence is sufficient only if it is inconsistent with the minors' innocence. *McGinnis v. State*, 183 Ga. App. 17, 19 (2) (358 SE2d 269) (1987). Every inference of innocence need not be excluded, however, only those that are reasonable. Id.

In this case, the minors contend there are reasonable explanations for their presence outside Doyle's apartment that are consistent with innocence. Specifically, they claim they could have been playing or returning the grill when Doyle saw them. We might be persuaded

by this argument but for the fact that both of the minors testified to the contrary. M. M. testified he never saw Doyle and never went outside, and D. M. claimed he never saw Doyle and remained indoors after moving the grill back to his apartment. This is inconsistent with Doyle's testimony that she saw both of them, and that at the time she saw them, the grill was already at the minors' apartment. We cannot find that circumstantial evidence is consistent with a reasonable hypothesis of innocence when a defendant's direct testimony contradicts that hypothesis. Thus, the minors' presence outside the apartment can be used to support the conclusion that they committed the burglary.

With regard to the location of the glove, the minors contend that the glove cannot be used to support their burglary convictions, apparently relying on the principle that "proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary," even though "it is sufficient to create an inference that the defendant is guilty of the burglary. . . ." *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). While either piece of circumstantial evidence alone might not be sufficient to support the minors' adjudications, both of them taken together are adequate to support the juvenile court's finding that the minors committed the delinquent act of burglary beyond a reasonable doubt.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 29, 1999.

*Phyllis R. Williams*, for appellants.

*Jonath A. Morrow, Solicitor, Lori B. Duff, Assistant Solicitor*, for appellee.