A03A1841. JOINER v. THE STATE.

(593 SE2d 936)

SMITH, Chief Judge.

John Henry Joiner was charged with five counts of child molestation and one count each of aggravated child molestation, rape, and statutory rape, all committed upon his fifteen-year-old cousin. A jury found him guilty of all child molestation charges and acquitted him on the remaining counts. His amended motion for new trial was denied, and he appeals, asserting seven enumerations of error. We affirm.

1. Joiner first complains that the trial court erred in denying his motion for a continuance. As the trial began, Joiner moved for a continuance on the basis that two witnesses, investigators who had taken the statement of a similar transaction witness, were under subpoena but not available because of illness and injury. The trial court questioned both counsel extensively regarding the subpoena process, the time of availability of the investigators' names to Joiner, and what they expected the investigators' testimony to be. Joiner's counsel acknowledged that he did not know what the investigators would testify to, but added that he would expect them to have favorable testimony because their written report did not contain any accusation by the similar transaction witness that Joiner had touched her vaginal area but only "the area between her navel and her vagina." Although Joiner's counsel had interviewed one of the investigators, he was unable to state what her testimony would be.

The trial court ordered both counsel to speak to the similar transaction witness and report to him whether the witness had given a consistent account to the investigators, explaining, "He's entitled to ask her that question, and if she says she told the GBI agent that, then it's necessary . . . to have the GBI agent here unless y'all are going to stipulate that she didn't." Counsel interviewed the similar transaction witness and reported that she did not remember what she had told the investigators and that the investigative record of the witness's statement was inconsistent with the anticipated present testimony of the witness with respect to the area in which Joiner allegedly touched her.

The trial court denied the motion for continuance but instructed counsel that Joiner would be allowed to introduce the inconsistent record into evidence and to state in his place that the witness made no other statement in the GBI or Department of Family and Children Services file and that Joiner was never prosecuted. The trial court also cautioned the prosecutor that he was not to argue that the statement was merely a summary and that he was "bound by what your witness said now and then. You cannot put her up if you don't want to. But you cannot argue that that's a summary." Joiner did not object

to this procedure for providing evidence of the witness's earlier statement.

> A motion for continuance based on absence of a witness is addressed to the sound discretion of the trial judge and an appellate court will not interfere unless it is clearly shown it has abused its discretion. In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing of the requirements set forth in OCGA § 17-8-25, i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. Each of the requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness.

(Citations and punctuation omitted.) *Pickens v. State*, 225 Ga. App. 792, 798 (3) (b) (484 SE2d 731) (1997).[1]

Here, Joiner's showing was inadequate in several respects. He failed to show that the investigators' testimony could be procured by the next term of court or what the substance of their testimony would be. And "where the missing witness' testimony is solely impeaching, as in the instant case, and the judgment complained of was authorized by evidence other than the testimony sought to be impeached, it is not an abuse of discretion to refuse the continuance." (Citations omitted.) *Grimes v. State*, 168 Ga. App. 372, 377 (6) (308 SE2d 863) (1983). Here, the anticipated testimony was not only merely impeaching, but impeaching of a similar transaction rather than the offense charged. Furthermore, the trial court fashioned an alternative procedure that made the report available to Joiner while limiting the State's ability to challenge it. The trial court did not abuse its discretion in denying Joiner's motion for a continuance.

2. Joiner also contends the trial court erred in allowing evidence of another similar transaction, contending it consisted merely of "ambiguous statements" without any "overt physical actions" and thus could not constitute child molestation under the rule stated in *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998). This contention misstates both the witness's testimony and the law. The witness tes-

---

[1] In *Pickens*, we affirmed the trial court's refusal to fashion a remedy such as that devised by the trial court here by reading the absent witness's testimony into evidence.

tified that when she was approximately ten years old, Joiner would approach her, look at her in a strange way, hug her and attempt to make her hug him, "rub on" her, and whisper in her ear, " 'You're next, don't be left alone,' stuff like that." This made her feel "very uncomfortable." This conduct plainly consists of both words and actions, in the child's presence, including touching of the child, in contrast to the telephone conversation that was the only contact in *Vines*, supra.

Moreover, "[c]ontrary to appellant's contention, similar transaction evidence is not limited to a defendant's previous illegal conduct." (Citation omitted.) *Phagan v. State*, 268 Ga. 272, 279 (4) (486 SE2d 876) (1997). "It is well established that similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed. Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible." (Punctuation and footnote omitted.) *Johns v. State*, 253 Ga. App. 207-208 (1) (558 SE2d 426) (2001). And "the sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts or other conduct perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Citation and punctuation omitted.) *Myrick v. State*, 242 Ga. App. 892, 894 (1) (531 SE2d 766) (2000). The trial court did not abuse its discretion in admitting evidence of this similar transaction.

3. Finally, Joiner alleges ineffective assistance of counsel in numerous respects. To prevail on a claim of ineffective assistance of counsel, Joiner must show both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. [Cit.]" *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000). In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999). The trial court's determination that Joiner was afforded effective assistance of counsel will not be reversed on appeal unless clearly erroneous. *McCant v. State*, 234 Ga. App. 433, 436 (3) (506 SE2d 917) (1998).

(a) Joiner contends his trial counsel was ineffective in stating incorrectly the contents of the investigators' reports with respect to the similar transaction witness. This contention does not accurately reflect the discussion between the trial court and counsel. The facts that Joiner alleges were omitted were discussed on the record, and the discussion is consistent with the copy of the investigators' statement in the record. This contention is without merit.

(b) Joiner also contends his trial counsel was ineffective in failing to object to the testimony of the similar transaction witness on the basis that he had not received sufficient notice of the change in the witness's testimony. Joiner has presented no legal authority for the proposition that a change in the details of a similar transaction witness's testimony will invalidate a Uniform Superior Court Rule 31.3 (B) notice stating "the transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." See, e.g., *Hoffman v. State*, 259 Ga. App. 131, 134 (2) (576 SE2d 102) (2003) (no notice required for additional transaction on a different date because it was "part of the res gestae of the federal crime for which the State provided notice under Uniform Superior Court Rule 31.3"). This is particularly true in light of the remedy fashioned by the trial court as discussed in Division 1. Moreover, Joiner failed to demonstrate when the State discovered the variance in the witness's testimony, and the State apparently did not know of the change even during the similar transaction hearing. Joiner's speculation that the State must have learned of the change at some time before the hearing on the motion for continuance is without support in the record. As noted in Division 1, Joiner was allowed to interview the witness, and the trial court admitted impeachment evidence and limited the State's ability to challenge it. Joiner has not demonstrated that an objection to the sufficiency of the similar transaction notice would have been sustained or that he suffered harm as a result of counsel's inaction.

(c) Finally, Joiner complains his trial counsel was ineffective in failing to comply with the requirements of OCGA § 17-8-25, in failing to announce not ready for trial or otherwise object to preserve his motion for continuance, and in not diligently seeking a continuance. But as discussed in Division 1, the investigators whose absence formed the basis of the motion were not only merely impeaching witnesses, but were also impeaching of a similar transaction rather than the offense charged. The trial court responded to Joiner's objections by fashioning another remedy. All these actions were well within the trial court's discretion, and Joiner has not shown that additional actions on his trial counsel's part would have changed the trial court's ruling. "Trial counsel's failure to pursue a futile motion does not constitute ineffective assistance." (Citation and punctuation omitted.) *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (b) (545 SE2d 587) (2001).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

Decided February 3, 2004 ▮

L. *Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.