A04A1008. HELTON v. THE STATE.
(602 SE2d 198)

ELDRIDGE, Judge.

A DeKalb County jury found Ricky Steven Helton guilty of child molestation and aggravated sexual battery for acts Helton perpetrated against his three-year-old stepgranddaughter. He appeals, challenging the sufficiency of the evidence to sustain his conviction for aggravated sexual battery, the admissibility of opinion testimony from a daycare worker, and the admission of prior acts evidence. Upon review of the enumerated errors, we affirm.

1. Helton first claims the State's evidence was insufficient to prove "penetration" in relation to the aggravated sexual battery charge, and thus, a directed verdict on that offense was required. We disagree.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is *no conflict* in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Helton] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses.[1]

Here, Helton was indicted for aggravated sexual battery in that he "penetrated the vagina of [the victim] with a foreign object to wit: [his] finger." The victim's outcry testimony was videotaped at the Georgia Center for Children. The videotape was admitted and played to the jury. Therein, the victim stated that Helton "touched her private with his finger." When asked what his finger did to her private, the victim stated that it "went in the hole thing." When asked if it hurt, the victim stated that she cried; that he "stuck his finger in there with his nail." Another outcry witness testified that the victim stated Helton touched her private with a knife. This is evidence of penetration sufficient to cause pain. While Helton argues that the victim's testimony was "quite vague" and "unclear" as to whether penetration was in fact accomplished, we disagree with this characterization. The inability of a young victim of sexual abuse to anatomically describe acts about which she could not — and should not — have knowledge will not inure to the benefit of the abuser. Viewed to support the verdict, the victim's description of what occurred is sufficient for a rational trier of fact to have found Helton guilty of aggravated sexual battery as charged.[2]

2. Next, Helton contends the trial court erred in permitting a daycare worker to testify that the victim's actions in repeatedly touching other children's genitalia caused her concern because, "I feel as though it is not appropriate for children to touch children in explicit areas of their body. And I feel as though she needed to understand that that was not okay to do in the classroom." Helton claims that this testimony was inadmissible because it was "expert opinion" evidence regarding the normal development of children. However, no objection was made to this testimony on the basis now

[1] (Citation omitted; emphasis in original.) *Pippins v. State*, 263 Ga. App. 453-454 (1) (588 SE2d 278) (2003).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

urged.[3] "[A]n objection different from that made below may not be claimed on appeal; appeal is limited to the ground advanced below."[4] Accordingly, this claim of error is waived.[5] Further, on cross-examination, Helton elicited from this witness essentially the same evidence about which he now complains: "[Witness:] I was very concerned about [the victim]. I felt as though she had to have been learning this action from somewhere. I mean, it doesn't just — it's not developmentally appropriate to my knowledge for a child to conduct themselves in this manner, no, sir." "A defendant who brings out the same evidence to which he objects cannot be heard to complain."[6]

3. In his last enumeration, Helton claims error in the admission of two similar transactions, contending: (a) that the evidence was not used for a permissible purpose; (b) that there was insufficient similarity between the prior acts and the current offense; and (c) that the probative value of the complained of evidence was outweighed by its prejudicial effect. We do not find error in the admission of this evidence.

(a) The trial court admitted the prior acts evidence in order to corroborate the victim's testimony concerning the manner in which the abuse occurred, i.e., Helton's course of conduct, and also to show bent of mind and "lustful disposition." These have been held to be legitimate purposes for the admission of similar transaction evidence.[7]

(b) Helton argues that the prior acts were not sufficiently similar to the crimes with which he was charged.

> The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion.[8]

---

[3] An objection based upon inadmissible "expert opinion" evidence was sustained in relation to earlier, unrelated testimony; the objection raised to the instant testimony was "Judge, I am going to object to what she felt like she knew and ask that that be stricken."

[4] (Citation omitted.) *Rogers v. State*, 247 Ga. App. 219, 226 (9) (543 SE2d 81) (2000).

[5] *Ryans v. State*, 226 Ga. App. 595, 597 (2) (487 SE2d 130) (1997).

[6] *Turner v. State*, 241 Ga. App. 431, 438 (8) (526 SE2d 95) (1999).

[7] *Jordan v. State*, 230 Ga. App. 560, 561 (497 SE2d 48) (1998). See also *Frazier v. State*, 261 Ga. App. 508, 509 (2) (583 SE2d 188) (2003) ("in cases involving sexual abuse, it is well settled that similar transaction evidence *may* be used to corroborate the victim's testimony") (footnote omitted; emphasis in original).

[8] (Citations and punctuation omitted.) *Farmer v. State*, 231 Ga. App. 78-79 (1) (498 SE2d 559) (1998); see also *Peppers v. State*, 261 Ga. 338, 339-340 (2) (404 SE2d 788) (1991).

At the requisite admissibility hearing, evidence showed that, prior to the sex offenses at issue, Helton grabbed the child/victim around the neck; he then grabbed her by the back of her hair, forced her head against him, and committed the charged sex offenses. In the first similar act, Helton held the victim around the neck and forced her to engage in sex; thereafter, he grabbed her by the back of her hair and forced her to engage in sex. In the second prior act, Helton grabbed the victim by the back of her hair and forced her head toward his chest; he attempted to force her to engage in sex; thereafter, he hit the victim in the head. In ruling on the admissibility of the prior acts, the trial court limited their admission to the physical aspects of Helton's attacks because of their similarity to his actions toward the victim in the instant case; the judge did not admit testimony regarding the prior acts of sex, because "I don't think the sexual acts themselves are similar."

It is undisputed that Helton committed the prior sexual attacks, and he concedes as much by brief. Helton denied committing the charged attack against the victim in this case and defended on the basis that she had been coached by her mother and her uncle to say Helton had committed the sex acts. Accordingly, the marked similarities in the technique Helton utilized to physically control the female victims he intended to sexually abuse made the similar transactions relevant to show his course of conduct and rebut his defense of fabrication; proof of the prior conduct tended to prove it was Helton who committed the conduct testified to by the current victim. That the prior acts involved adults does not preclude their admission as similar transactions; there is no "per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor."[9] Here, while the age of the sex abuse victim may have changed, Helton's methodology apparently had not; "it was only the age of the victim which determined how the behavior was categorized."[10] Since the common course of conduct demonstrated a logical connection between the prior acts and the current conduct and rebutted Helton's defense of fabrication, the admission of the similar transaction evidence was not an abuse of discretion.[11]

(c) Helton claims the prior acts were inadmissible because their prejudicial impact outweighed their probative value.

---

[9] *Tucker v. State,* 191 Ga. App. 648 (382 SE2d 425) (1989).

[10] *Rary v. State,* 228 Ga. App. 414, 415 (1) (b) (491 SE2d 861) (1997).

[11] *Livery v. State,* 233 Ga. App. 332, 334 (1) (a) (503 SE2d 914) (1998).

[A] trial court's finding that "other transactions" evidence is relevant necessarily constitutes an implicit finding that the probative value of that evidence outweighs its prejudicial impact. Such evidence should be admitted and the prejudicial impact of that otherwise relevant evidence is a matter for jury instruction, and is not a factor in its admissibility vel non.[12]

Given that the similar transaction rule has been most liberally extended in the area of sexual offenses, particularly sexual offenses against children,[13] and because the prior transactions in this case corroborated the victim's testimony and rebutted Helton's defense of fabrication, we find no error in the admission of the prior acts on the basis urged. "The testimony was not admitted to show a probability that [Helton] committed the crime charged because (he) has a criminal character but was properly admitted to show a similarity that tends to prove a peculiar . . . course of conduct."[14]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2004.

*C. Rebecca Smith,* for appellant. ·

*Jeffrey H. Brickman, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney,* for appellee.

---

[12] *Farley v. State,* 265 Ga. 622, 625 (2) (458 SE2d 643) (1995).
[13] *Hoffman v. State,* 259 Ga. App. 131, 133 (1) (576 SE2d 102) (2003).
[14] (Citations and punctuation omitted.) *Farley v. State,* supra at 624.