A04A2256. FOSTER v. THE STATE.
(609 SE2d 751)

ANDREWS, Presiding Judge.

Willie Foster, convicted by a jury of statutory rape, child molestation, and enticing a child for indecent purposes,[1] appeals from the trial court's denial of his motion for new trial. Foster's motion for out-of-time appeal was granted.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).

So viewed, the evidence was that, on July 7, 1999, Heather Whitlock, 14, and T. H., 13, snuck out of T. H.'s house around 11:00 p.m. Heather had previously called Ivory Walker to provide a ride for her and T. H. In order to give them a ride, Walker had to ask Foster, his cousin, to give him a ride. Foster, who was 17, borrowed his sister's red Nissan, picked up Walker,[2] and they then picked up Heather and T. H. in the parking lot next to T. H.'s home. The four had previously been riding around together.

---

[1] He was acquitted of rape. The statutory rape conviction was merged with the child molestation conviction for sentencing purposes.

[2] Walker was not charged.

The four then rode around, visiting another person, and then continued to a ball field in Chickamauga. There, Heather and Walker got out of the car and walked around the ball field, returning in approximately ten minutes. T. H., who had been sitting in the back seat with Heather, got out and got in the front seat with Foster. Foster then asked T. H. to have sex, and she said no. Foster told her to get out of the car, and she refused. Foster then got out, walked around the car, and tried to pull T. H. out of the car, then grabbed her overalls and tried to remove them. T. H. told him to stop and tried to push him away. Foster then had intercourse with T. H., while wearing a condom.

Although Foster told the investigating officer that he had consensual sex with T. H., at trial he testified and denied any sexual contact with T. H. He claimed she was accusing him because he called her a "fat a--."

The evidence was legally sufficient. *Jackson v. Virginia*, supra.

1. Foster's first enumeration of error is that the trial court erred in allowing into evidence as a similar transaction Foster's encounter with 19-year-old A. W. and her cousin, 16-year-old S. W. on July 20, 1999.

At the similar transaction hearing, the following evidence was produced regarding this incident. On July 19, S. W., who knew Foster and Walker, and A. W., who did not know them, engaged in conversation with the two men regarding marijuana. The young women then followed Foster and Walker, in Foster's sister's red Nissan, to an area on Hiawatha Circle near a sewage pump station for the purpose of buying marijuana. After Foster and Walker showed them a substance they claimed was marijuana, they declined the money offered by A. W. and asked for sexual acts instead. Then, Walker pulled S. W. to a fenced area and forced her at knifepoint to have sex with him. Meanwhile, Foster and another unidentified male forced A. W. to have sex with each of them while the other held a knife on her. The trial court allowed this evidence.

Foster argues that the State did not specify for which purpose the evidence was being introduced, that Walker's assault on S. W. should not have been admitted, and that there was insufficient similarity between the acts.

Similar transaction evidence is admissible if

(1) it is presented for an appropriate purpose, (2) there is sufficient evidence to show the accused committed the independent offense, and (3) there is a sufficient similarity between the independent offense and the crime charged so that the proof of the former tends to prove the latter. A trial court's admission of similar transaction evidence will be

upheld on appeal unless its ruling is clearly erroneous.

(Footnotes omitted.) *Urness v. State*, 251 Ga. App. 401, 402 (1) (554 SE2d 546) (2001). See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

The State, in its Notice of Intent to Present Evidence of Similar Transactions, filed May 12, 2000, stated its intent to use these transactions to show Foster's bent of mind, course of conduct, intent, identity, motive, method of operation, lustful disposition, and lack of consent. Further, during argument in the hearing on the admissibility of the similar acts, the State noted that the similar transaction rule has been most liberally extended in the area of sexual offenses, particularly sexual offenses against children. See, e.g., *Helton v. State*, 268 Ga. App. 430, 434 (3) (602 SE2d 198) (2004); *Hoffman v. State*, 259 Ga. App. 131, 133 (1) (576 SE2d 102) (2003). The State also stated that the purposes in this case were motive, intent, state of mind, and to show Foster's lustful disposition. Therefore, there is no merit to Foster's argument on this ground.

Regarding the inadmissibility of S. W.'s testimony, no objection was made by Foster to this testimony, either during the pretrial hearing or during trial. He has therefore waived any error. See, e.g., *Garrison v. State*, 260 Ga. App. 788, 790 (3) (581 SE2d 357) (2003).

Foster's argument that there was insufficient similarity between the charged acts and the similar transactions is unavailing. The assaults all occurred at night and in remote locations. Foster was driving the same vehicle and was accompanied by Walker on both occasions. In both incidents, Foster wanted sex from the victims in exchange for a benefit. Foster used a condom during both events, and the two events occurred only twelve days apart. There was no error in this regard. *Robinson v. State*, 269 Ga. App. 828, 829 (605 SE2d 422) (2004); *Helton*, supra at 432 (3); *Beck v. State*, 263 Ga. App. 256, 259 (2) (587 SE2d 316) (2003).

2. Foster contends, in his second enumeration, that the trial court erred in not excusing a juror for cause.

> Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. The decision to strike a juror for cause lies within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion.

(Citation omitted.) *Torres v. State*, 253 Ga. App. 318, 319-320 (2) (558

SE2d 850) (2002). See also *Brown v. State*, 243 Ga. App. 632-633 (1) (534 SE2d 98) (2000) ("Unless the juror holds an opinion regarding the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based on the evidence and court instructions, a court need not excuse the juror for cause.") (footnote omitted).

Here, when the trial court inquired of the panel whether anyone had any prejudice or bias resting on their mind either for or against the accused, a juror raised her hand and was questioned by the court and counsel as follows:

THE COURT: Why is it that you are not impartial?

JUROR: Because my daughter was molested and I just don't think I could be fair on this.

THE COURT: You don't think you could be fair to anyone?

JUROR: Right.

THE COURT: Charged with rape or statutory?

JUROR: Right. With molestation, my daughter was molested, it goes to court actually this week. I was subpoenaed for that too. . . .

[PROSECUTOR]: Ma'am, you understand that if you are selected as a juror in this case that you would be instructed by the Court that you would be confined to facts from evidence presented in court, not something that may have happened.

JUROR: Right.

[PROSECUTOR]: The Judge would also tell you to take the law. Would you be able to take that oath and follow those instructions and return a verdict based solely on the evidence that you hear in court?

JUROR: I would like to think that I could. . . . I thought I was supposed to say something since I have one going to court this week too.

[PROSECUTOR]: But you could listen to the evidence and law and be fair, understanding this doesn't have anything to do with your daughter's case?

JUROR: Yes, sir.

[DEFENSE COUNSEL]: Since this is so fresh on your mind do you feel like your emotions might interfere in any way?

JUROR: Probably.

[DEFENSE COUNSEL]: Your Honor, we would ask that she be excused for cause. . . .

THE COURT: Now the true test is this, nobody knows at this time the guilt or innocence of the defendant. This defendant at this point is presumed to be innocent. Let's assume that

whatever the evidence is, that I instruct you that you are to begin the trial of the case with an open mind, and presume at this point that the defendant is innocent.

JUROR: Yes, sir.

THE COURT: Because the law presumes —

JUROR: That he's innocent; right.

THE COURT: — that he's innocent. And until the State proves his guilt, we are all supposed to contend that he's innocent, until and unless the State overcomes that presumption. Now, do you feel that you could start out with the idea that this defendant is innocent?

JUROR: Yes, sir.

THE COURT: And then go by the Court's instructions, and would you follow those instructions?

JUROR: Yes, sir.

THE COURT: Would you then be fair to the State and fair to the defendant in making your decision?

JUROR: Yes, sir. . . .

[DEFENSE COUNSEL]: . . . Although you have every good intention being fair to both sides, is there still something in the back of your mind that says that you might not be able to?

JUROR: No. It's a different person, different case. I know I could be fair.

Unlike *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001), aff'd, *Kim v. Walls*, 275 Ga. 177 (563 SE2d 847) (2002), relied upon by Foster, this case does not involve a juror who knew and had an employment relationship with one of the parties to the litigation.

Instead, it is more similar to and controlled by *Weeks v. State*, 270 Ga. App. 889 (608 SE2d 259) (2004) and *Reddick v. State*, 264 Ga. App. 487, 495 (5) (591 SE2d 392) (2003). In *Weeks*, supra, a juror initially stated reservations regarding whether he could be fair in a child molestation case and that he would tend to "lean toward the child." *Weeks*, supra at 895. After further questioning, the trial court concluded the juror could decide the case on the law and evidence, and we affirmed. In *Reddick*, supra, the charges against the accused included aggravated assault with a firearm. One juror indicated she had a problem being impartial because her daughter had been robbed at gunpoint. As reiterated there, " 'a juror who expresses a willingness to try to be objective and whose bias arises from feelings about the particular crime as opposed to feelings about the accused may be eligible for service.' *Ivey v. State*, 258 Ga. App. 587, 593 (2) (574 SE2d 663) (2002)." Id. at 496.

Foster has failed to show an abuse of discretion in failing to excuse the juror for cause.

3. Foster's final enumeration is that the trial court erred in allowing Detective Cobb to read a portion of her report into evidence.

The portion of the report read by the detective was the statement given to her by T. H. regarding the assault. Because T. H. was under the age of 14 at the time of the incident and the giving of her statement, it would have been admissible under OCGA § 24-3-16, the Child Hearsay Act, if T. H. had not testified. *Geiger v. State*, 258 Ga. App. 57, 64 (3) (h) (573 SE2d 85) (2002).

Because T. H. did testify, OCGA § 24-3-16 is not applicable here. *Hayes v. State*, 274 Ga. 875, 877 (2) (560 SE2d 656) (2002). However, because the credibility of T. H. was put in issue by Foster, the statement was admissible as a prior consistent statement. *Geiger*, supra at 64 (4).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 26, 2005.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Grover W. Hudgins, Assistant District Attorneys*, for appellee.