A05A1818. ANDERSON v. THE STATE.
(622 SE2d 898)

ELLINGTON, Judge.

A Crisp County jury found Michael Anderson guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1. Following the denial of his motion for a new trial, Anderson appeals, contending the trial court abused its discretion in denying his motion for a continuance and his motion for a new trial based on newly discovered evidence. For the following reasons, we affirm.

1. Anderson contends the trial court abused its discretion in denying his request to delay the commencement of a retrial. Specifically, Anderson claims (and the State concedes) that his case first went to trial on May 20, 2004 and concluded on May 21, 2004. After the jury began deliberating, a juror reported to the trial court that he realized he had seen Anderson at the scene of the crime. Late in the day on May 21, a Friday, the trial court declared a mistrial based on the discovery that a juror had personal knowledge of the events at issue. The trial court indicated that because Anderson's case was the only one left on the calendar the retrial would begin the following Monday morning. According to Anderson, he moved for a continuance during an unrecorded meeting in chambers, and the trial court orally

denied the motion. The retrial began on Monday, May 24, 2004. Anderson took no action on the record to renew his objection to the timing of the retrial or to make a record of the trial court's ruling. Nor has Anderson implemented any of the mechanisms provided in OCGA § 5-6-41 for supplementing the record on appeal.

We cannot disregard these omissions, as Anderson suggests, on the assumption that "no Appellant in his right mind would proceed to trial less than three days after he has been identified by a witness as being at the scene of a crime without having the opportunity to investigate the claims made against him."

> Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal. Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review.

(Footnote omitted.) *Ayers v. State*, 251 Ga. App. 623, 625-626 (5) (555 SE2d 4) (2001). Because Anderson's motion for a continuance was not made a part of the record in the court below, Anderson failed to preserve any error in this regard for our appellate review. *Phillips v. State*, 279 Ga. 704 (620 SE2d 367) (2005).

2. Anderson contends that evidence discovered after the verdict demanded a new trial. Specifically, Anderson points to testimony of one of his co-defendants at the motion for a new trial hearing that the co-defendant gave false testimony inculpating Anderson in the burglary at both Anderson's first trial and at the retrial and that prosecutors coached and coerced him to do so. "[M]otions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused." (Citation and punctuation omitted.) *Brown v. State*, 209 Ga. App. 314, 316-317 (2) (433 SE2d 321) (1993).

In this case there is no evidence that the recanting co-defendant has been convicted of perjury. In such a case, Georgia law provides that

> [d]eclarations made after the trial are entitled to much less regard than sworn testimony delivered at the trial. . . . The only exception to the rule against setting aside a verdict without proof of a material witness' conviction for perjury,

is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication.

(Footnote omitted.) *Head v. State*, 256 Ga. App. 624, 628 (2) (569 SE2d 548) (2002). An example of the kind of evidence that proves the witness' previous testimony was the purest fabrication is "extrinsic proof that the witness' testimony was physically impossible";* in such a case, the trial court can determine the truth without having to determine the witness' credibility. A recantation, on the other hand, merely impeaches the witness' prior testimony. Id. A trial court should deny a motion for new trial which is based on statements, even under oath, by a material witness for the State who gave inculpatory evidence at the trial that his trial testimony was false. Id.

Because the "newly discovered evidence" upon which Anderson relies merely tends to impeach his co-defendant's trial testimony, we cannot say the trial court abused its discretion in denying Anderson's motion for a new trial. *Head v. State*, 256 Ga. App. at 628 (2).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 3, 2005.

*Phillips & Graham, Johnnie M. Graham*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

* *Head v. State*, 256 Ga. App. at 628 (2), citing *Fugitt v. State*, 251 Ga. 451, 452-453 (1) (307 SE2d 471) (1983).