## A06A0367. MOORE v. THE STATE.
### (627 SE2d 107)

ADAMS, Judge.

A jury found David Lee Moore guilty of committing two counts of aggravated assault and burglary. Moore appeals, contending insufficient evidence supports his convictions and that the trial court should have excused a juror for cause. Finding no merit in these contentions, we affirm.

1. On appeal, we must view the evidence "in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that, on January 25, 2002, the two victims, Diane Webb and Rischelle Johnson, were caring for children in Webb's home when they heard a knock at the door between 10:00 a.m. and 11:00 a.m. Because Webb was expecting a visitor, she went to the door and opened it without inquiring about who was there. When she opened the door, a masked gunman pushed his way into her apartment, threatened to kill her, and demanded her purse. After taking the purse, the gunman ordered the women and children to go to the back of the apartment where they hid in a closet. When Webb heard the apartment door close five minutes later, she ran to it and locked it while her friend called 911.

The gunman was wearing a gray hooded shirt, tan pants, and white tennis shoes. Johnson testified that the gun used by the intruder was a nine millimeter with a silver top and black handle. Neither Webb nor Johnson could identify Moore as the gunman at trial.

Jamaris Hogan testified that based on the victims' description of the masked gunman, he believed they were describing Moore, whom he had known for two to three months. Hogan advised the detective investigating the case about his suspicion.

A neighbor of Webb, Shawntee Hatcher, testified that, on January 25, 2002 around 10:00 a.m., she saw a man pacing around like he was lost. When he asked where Maurice lived, she gave him directions to Webb's apartment, where Maurice Webb lived with his mother. Hatcher identified Moore in a photo lineup and at trial as the person who asked for directions to Webb's apartment.

While executing an arrest warrant for Moore a week after the incident, the detective learned from Moore's stepfather that Moore had made a permanent move to Tennessee a couple of days earlier. The detective also obtained the stepfather's consent to search the bedroom used by Moore before his move. The detective found a pair of

tan pants and a gray hooded jacket in the closet. He also learned that the stepfather kept a nine millimeter gun in his closet.

Webb and Johnson identified the gray hooded jacket and tan pants taken from Moore's closet as the ones worn by the masked gunman. Johnson identified the stepfather's gun as the one used by the gunman.

Moore testified that he was in Tennessee on the day of the robbery and had arrived there the day before the robbery. He acknowledged that, while living in Tennessee, he knew there was a warrant for his arrest for armed robbery and that he did not voluntarily return to Georgia. He was arrested in Tennessee almost a year after the warrants were issued.

Moore claims this circumstantial evidence is insufficient to support his conviction because it does not "exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. In support of this claim, he argues that another person dressed in a gray hooded jacket and tan pants could have committed the crime because the two victims were not able to identify him as the gunman. This argument fails because it neglects to take into account Hatcher's testimony that she saw Moore wearing these clothes around the time of the robbery and that she directed him to Webb's apartment at his request.

While Hatcher's testimony also provides only circumstantial evidence that Moore committed the crime, we cannot conclude as a matter of law that this evidence would also support a reasonable hypothesis of innocence. Hatcher's testimony provided direct evidence that Moore was at the apartment complex around the time of the robbery, but Moore denied being there that day. "We cannot find that circumstantial evidence is consistent with a reasonable hypothesis of innocence when a defendant's direct testimony contradicts that hypothesis." *In the Interest of M. M.*, 240 Ga. App. 571, 573 (524 SE2d 274) (1999). See also *Lowery v. State*, 264 Ga. App. 655, 657 (2) (592 SE2d 102) (2003) (rejecting defendant's reasonable hypothesis of innocence on appeal that was not presented to the jury and was directly contradicted by defendant's own testimony).

> Whether in a given case circumstances are sufficient to exclude every reasonable hypothesis except guilt of appellant ordinarily is a jury question. An appellate court has no yardstick by which to determine what in a given case is a reasonable hypothesis except to rely on the informed and weighed conclusions of twelve intelligent jurors. These jurors observed and heard the witnesses and are best qualified

to judge the reasonableness of an hypothesis raised by evidence or its lack than is this court which is restricted to issues of law.

*Tenner v. State*, 165 Ga. App. 646, 647-648 (302 SE2d 405) (1983). As we find sufficient evidence to support the jury's verdict in this case under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find no merit in Moore's insufficiency of the evidence claim.

2. Moore contends the trial court should have granted his request to strike a juror for cause because the juror's son-in-law was a sheriff's deputy who worked in the county jail.

Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. And, unless the trial court manifestly abuses its discretion in deciding whether or not to discharge a prospective juror, this court will not reverse the trial court's decision.

(Citations and punctuation omitted.) *Brown v. State*, 246 Ga. App. 60, 65 (2) (539 SE2d 545) (2000).

Moore's claim that the juror should have been excused for cause is based on the following exchange between defense counsel and the juror:

Q: Is there anyone here, and let me qualify this also, close family relationship, I mean son, daughter, brother, sister, or parents who are in law enforcement; that is, who are members of a sheriff— sheriff's department, a police department, marshals, federal, anything like that?

Juror: My son-in-law is a Muscogee County sheriff's deputy. He works at the jail.

Q: Would that affect how you view the evidence in the case one way or the other?

Juror: It might.

Q: And in what way?

Juror: Well, in his opinion sometimes, as well as other people's opinions, being a jailer sometimes he talks about his work and sometimes you form opinions from that.

Q: Is that something that if the judge instructed you to you could set that aside and listen to the evidence without that in the back of your mind?

Juror: Well, I'm a history teacher in the public school system, so I try to teach my classes pretty objectively, so I don't think it would affect me, but I have heard stuff before.

After asking no further questions of this juror, Moore's counsel moved to strike him for cause.

The trial court did not abuse its discretion by denying Moore's motion to excuse this juror for cause. "Nothing in the juror's responses compels a finding that [he] had formed an opinion of [Moore's] guilt or innocence that was so fixed and definite that [he] would be unable to set the opinion aside, or that [he] would be unable to decide the case based upon the court's charge and upon the evidence." (Citation omitted.) *Corza v. State*, 273 Ga. 164, 167 (3) (539 SE2d 149) (2000).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 3, 2006.

*José E. Guzman*, for appellant.
*J. Gray Conger, District Attorney, Jarrell Schley, Assistant District Attorney*, for appellee.