## A06A0115. COWAN v. THE STATE.
### (631 SE2d 760)

RUFFIN, Chief Judge.

A jury found Stephen Cowan guilty of child molestation. On appeal, Cowan challenges the sufficiency of the evidence. Cowan also contends that the trial court erred in: (1) overruling his *Batson* challenge; (2) failing to strike several jurors for cause; (3) admitting similar transaction evidence; and (4) denying his motion for new trial based upon newly discovered evidence. Finding no error, we affirm.

1. " 'On appeal from a criminal conviction, we view the evidence in a light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence.' "[1] In so doing, we ascertain merely whether the evidence was sufficient to support the verdict; we do not weigh the evidence or determine witness credibility.[2]

Viewed in this manner, the evidence shows that Cowan was married to J. W.'s mother, with whom he had a daughter, Kelsey. Although Cowan and the mother divorced, ten-year-old J. W. would visit Cowan while in the company of her half-sister, Kelsey. When the two girls spent the night with Cowan, they slept on an air mattress in the living room. On August 4, 2001, J. W. and Kelsey stayed overnight with Cowan. According to J. W., after she and her sister had fallen asleep, Cowan laid on the air mattress, took her hand, placed it on his penis, and "moved it around a little bit." J. W. jerked her hand away and went to the bathroom.

When J. W. returned home the next day, she told her mother what had transpired. Upon hearing J. W. recount the incident, J. W.'s older sister, H. T., began to cry. According to H. T., when she was 11, Cowan began touching her inappropriately, including touching her high on her leg and on her chest in such a way that she felt uncomfortable.

---

[1] *Steverson v. State,* 276 Ga. App. 876 (1) (625 SE2d 476) (2005).
[2] See id.

H. T. testified that on one occasion, Cowan placed her hand on his penis. Based on this and other evidence, the jury found Cowan guilty of child molestation.

On appeal, Cowan contends that this evidence was insufficient to support a finding of guilt. Pursuant to OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Here, the evidence that Cowan grabbed J. W.'s hand and rubbed it against his penis — along with the similar transaction evidence — is sufficient to establish his guilt.[3]

Nonetheless, Cowan maintains that his conviction should be reversed because of contradictions in the testimony and because the evidence showed that the victim "demonstrated an incredibly strong racial animus."[4] These contentions, however, are without merit, as this Court does not reweigh evidence.[5] Because competent evidence supported each fact necessary to prove the State's case, we uphold the jury's verdict.[6]

2. Cowan also asserts that the trial court erred in overruling his *Batson* challenge in which he claimed the State exercised its peremptory strikes in a racially discriminatory manner.[7] Specifically, Cowan asserts that the State struck the only African-American juror for an allegedly race-neutral reason, but did not strike similarly situated white jurors.

The record reveals that the State struck the sole African-American juror after she revealed that her brother-in-law had committed armed robbery and had possessed drugs and both her nephew and cousin had committed murder. The prosecutor asserted that, because of the nature of the convictions, "the State felt that [the woman] would not be an appropriate juror." Nonetheless, the State accepted three white jurors whose friends or family members had also been arrested and/or convicted of various offenses. During voir dire, one juror testified that his stepson had pleaded guilty to theft and received community service;[8] a second juror admitted that her brother-in-law had been arrested for spousal abuse and contempt of

---

[3] See *Webb v. State*, 270 Ga. App. 817, 818 (1) (608 SE2d 241) (2004).

[4] During the trial, evidence was presented that Cowan dated a woman of another race, and Cowan contends that because of this, J. W. and her mother fabricated the incidents of alleged molestation.

[5] See *Cook v. State*, 276 Ga. App. 803, 804 (1) (625 SE2d 83) (2005).

[6] See *Neal v. State*, 271 Ga. App. 283, 285 (1) (609 SE2d 204) (2005).

[7] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[8] Although the State accepted this juror, it does not appear that he actually served.

court; and a third juror had a boyfriend who had been arrested for drugs. Two of these jurors served on the jury.

After Cowan raised his *Batson* challenge and the prosecutor stated his reason for striking the sole African-American juror, the trial court found that the State had offered a "valid, nonracial reason" for striking the juror. In so doing, the trial court noted that the African-American juror was the only member of the petit venire who had family members arrested for — and convicted of — capital felonies. We find no basis for reversal.

Courts employ a three-step analysis in addressing a defendant's *Batson* challenge.[9] First, the opponent of a peremptory challenge must make a prima facie showing of racial discrimination.[10] Then, the burden shifts to the proponent of the strike to provide a race-neutral reason for the strike.[11] "[T]he trial court then decides whether the opponent of the strike has proven discriminatory intent."[12] In this case, the trial court focused on the second prong of the test, concluding that the reason provided was race-neutral. Given the disparate nature of the crimes involved, we cannot say that the trial court's decision was clearly erroneous.[13]

Under *Batson*, failure to treat similarly situated jurors in a like manner may support a finding of discrimination.[14] Whether discriminatory intent exists is generally a matter for the trial court, as such finding "rests largely upon assessment of the prosecutor's state of mind and credibility."[15] And a trial court's factual findings in this regard are entitled to great deference.[16] Here, the trial court concluded that the African-American juror was not similarly situated to the remaining jurors. Although we find this a close case, given the appropriate appellate standard, we cannot gainsay the trial court's findings in this regard.[17]

3. On appeal, Cowan argues that the trial court erred in failing to strike five jurors for cause. Each of the five jurors stated during voir dire that either they or one of their family members had suffered some form of abuse. According to Cowan, based upon the nature of the case

---

[9] See *Heller v. State*, 275 Ga. App. 637, 639 (4) (621 SE2d 591) (2005).

[10] See id. at 640.

[11] See id.

[12] (Punctuation omitted.) Id.

[13] See *Quillian v. State*, 279 Ga. 698, 701 (3) (620 SE2d 376) (2005); *Freeman v. State*, 268 Ga. 181, 182-183 (1) (486 SE2d 161) (1997).

[14] See *White v. State*, 258 Ga. App. 546, 549-550 (3) (574 SE2d 629) (2002).

[15] Id. at 550.

[16] See *Quillian*, supra.

[17] See id.

and the jurors' revelations, the trial court abused its discretion in failing to excuse them for cause.

As this Court recently reiterated, "[b]efore a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence."[18] And we will affirm a trial court's decision not to strike a prospective juror unless that court has abused its discretion in so ruling.[19] We find no abuse of discretion here as each of the jurors testified unequivocally that their experiences would not hamper their ability to serve as impartial jurors.[20]

4. According to Cowan, the trial court also erred in admitting H. T.'s testimony as similar transaction evidence. Again, we disagree.

A trial court properly admits similar transaction evidence if: (1) the evidence is tendered for an appropriate purpose; (2) sufficient evidence establishes that the accused committed the independent offense; and (3) the independent offense and the crime for which the accused is on trial are sufficiently similar such that the proof of the former tends to prove the latter.[21] Moreover, "the similar transaction rule has been most liberally extended in the area of sexual offenses, particularly sexual offenses against children."[22]

During the similar transaction hearing, the State proffered the following: that it was presenting the similar transaction evidence to establish Cowan's state of mind, lustful disposition, and intent to commit the charged act; that H. T. was able to identify Cowan as the perpetrator; and that when H. T. was approximately the same age as the victim, Cowan touched her inappropriately, including one incident in which he placed her hand on his penis. "[A] trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion."[23] Under the circumstances of this case, we find no abuse of discretion in the trial court's decision to admit the similar transaction evidence.[24]

---

[18] (Punctuation omitted.) *Moore v. State*, 277 Ga. App. 474, 476 (2) (627 SE2d 107) (2006).

[19] See id.

[20] See *Heath v. State*, 269 Ga. App. 872, 873 (2) (605 SE2d 427) (2004) (" 'No presumption of prejudice exists in these circumstances; no irregularity or impropriety is involved in [these] juror[s'] conduct.' "). We further note that the trial court permitted Cowan to thoroughly examine the jurors regarding their experiences and their stated ability to remain impartial. See *Doss v. State*, 264 Ga. App. 205, 210 (4) (a) (590 SE2d 208) (2003) (a trial court abuses its discretion in cutting off inquiry in the face of potential bias).

[21] See *Foster v. State*, 271 Ga. App. 426, 427 (1) (609 SE2d 751) (2005).

[22] Id. at 428.

[23] (Punctuation omitted.) *Shorter v. State*, 271 Ga. App. 528, 530 (2) (610 SE2d 162) (2005).

[24] See id.; *Lewis v. State*, 275 Ga. App. 41, 43 (2) (a) (619 SE2d 699) (2005) (evidence properly admitted to show bent of mind, course of conduct, and lustful disposition toward

5. Finally, Cowan maintains that the trial court erred in denying his request for a new trial based upon newly discovered evidence. At the hearing on Cowan's motion for new trial, he presented the affidavit of the mother's estranged husband, who averred that J. W. and H. T. had fabricated the allegations against Cowan.

"Motions for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and a refusal to grant the motion will not be reversed unless that discretion is abused."[25] A defendant who seeks a new trial based on newly discovered evidence must establish that: (1) the evidence came to his attention after the trial; (2) the delay in discovering the evidence was not the result of a lack of due diligence; (3) the evidence is so material that it would likely produce a different result; (4) the evidence is not merely cumulative; (5) he has procured the witness's affidavit or explained its absence; and (6) the effect of the newly discovered evidence is not merely to impeach a witness's credibility.[26] Here, we focus on the last requirement.

Cowan argues that the affidavit does not merely serve to impeach J. W.'s testimony, but is a prior inconsistent statement that constitutes substantive evidence. We find this argument disingenuous. Initially, we note that the statement was made *after* the trial, and thus we fail to see how it could be considered a *prior* inconsistent statement. Rather, the evidence shows that a State witness subsequently reported that her testimony was false, and "[t]he law is well settled that a post-trial declaration by a State's witness that [her] trial testimony was false does not form the basis for the grant of a new trial."[27] Generally, a conviction for perjury is required before a trial will be set aside based upon a material witness's allegedly untruthful testimony.[28] The only exception to this rule "is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication."[29] For example, if newly discovered evidence shows that a material witness's trial testimony was physically impossible, a new trial may be granted.[30] Here, the newly discovered evidence did not meet this rigorous standard, but merely

---

children); *Morita v. State*, 270 Ga. App. 372, 374-375 (2) (606 SE2d 595) (2004); *Joiner v. State*, 265 Ga. App. 395, 397 (2) (593 SE2d 936) (2004).

[25] (Punctuation omitted.) *Anderson v. State*, 276 Ga. App. 216, 217 (2) (622 SE2d 898) (2005).

[26] See *Harris v. State*, 272 Ga. App. 366, 374-375 (7) (612 SE2d 557) (2005).

[27] *Parker v. State*, 274 Ga. App. 347, 348 (1) (617 SE2d 625) (2005).

[28] See id.

[29] *Anderson*, supra at 218.

[30] See id.

served to impeach J. W.'s and H. T.'s testimony. Under these circumstances, the trial court did not abuse its discretion in denying Cowan's motion for new trial on this basis.[31]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 24, 2006 — 

Glynn R. Stepp, for appellant.

Daniel J. Porter, District Attorney, Tracie J. Hobbs, Assistant District Attorney, for appellee.