**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 8, 2013**

# In the Court of Appeals of Georgia

A12A1678. HOLLOMAN v. THE STATE.                    DO-064 C

DOYLE, Presiding Judge.

William Earl Holloman appeals from his conviction of selling cocaine.[1] On appeal, Holloman's sole argument is that the trial court erred by finding that the prosecution did not violate *Batson v. Kentucky*[2] when it used five peremptory strikes to remove black jurors and by denying his motion for new trial based on his *Batson* challenge. For the reasons that follow, we affirm.

A trial court

employ[s] a three-step analysis in addressing a defendant's *Batson* challenge. First, the opponent of a peremptory challenge must make a

---

[1] OCGA § 16-13-30 (b).

[2] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

prima facie showing of racial discrimination. Then, the burden shifts to the proponent of the strike to provide a race-neutral reason for the strike. The trial court then decides whether the opponent of the strike has proven discriminatory intent.[3]

Unless the trial court's decision was clearly erroneous, we shall not disturb the court's ruling.[4]

The record reveals that out of thirty-four potential jurors, twelve were black, and the twelve-person jury empaneled to hear the case consisted of two black individuals. The State used five peremptory strikes, and each of those strikes was used against a black individual. The State explained that one of those jurors was struck because he knew the defendant, and Holloman conceded that the State properly struck this individual. The State then explained that it struck the other four individuals because pre-trial preparation revealed that each of those individuals had involvement with law enforcement, even if the incident was an arrest or a charge that was later dismissed. The State did not have the results of its background searches in court, but proffered that its reason for striking the four remaining jurors was based on

---

[3] (Footnotes and punctuation omitted.) *Cowan v. State*, 279 Ga. App. 532, 534 (2) (631 SE2d 760) (2006).

[4] See id.

2

that check. The trial court found that the State's proffered reason for striking the four jurors based on their criminal background check results was a race-neutral reason and denied Holloman's *Batson* motion.

"Because the [State] offered race-neutral reasons for the peremptory challenges[,] and the trial court ruled on the ultimate question of intentional discrimination, we need address only the sufficiency of the [State's] explanation for the peremptory strikes."[5] Holloman contends that although the State proffered the criminal background check of these jurors as the reason for their dismissal, he argues that the State failed to supply evidence of the results of the check at the trial or at the hearing for the motion for new trial, which supports his argument that the proffered reason was not credible. Nevertheless, no evidence was presented by Holloman that the reason given by the State for striking these particular jurors would not also have been applied neutrally to a white juror with a similar background.[6] Ultimately it was

---

[5] *White v. State*, 258 Ga. App. 546, 548 (3) (574 SE2d 629) (2002). See also *Smiley v. State*, 263 Ga. 716, 716-717 (1) (438 SE2d 75) (1994) (criminal history constitutes a race-neutral reason, which the defendant must overcome to establish a *Batson* violation).

[6] See *Smiley*, 263 Ga. at 716-717 (1). See also *White*, 258 Ga. App. at 550 (3) ("A neutral explanation is one based on something other than the race of the juror, and, if discriminatory intent is not inherent in the explanation, the reason offered will be deemed race-neutral. At the final stage of a *Batson* inquiry, the ultimate burden of

Holloman's burden to provide evidence to support his argument, and Holloman failed to produce this proof during trial or at the hearing on the motion for new trial.[7]

Accordingly, his argument is without merit.

*Judgment affirmed. Andrews, P. J. and Boggs, J., concur.*

---

persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.") (citation and punctuation omitted).

[7] See *White*, 258 Ga. App. at 549-550 (3) ("The trial court's decision on a Batson motion rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous.")