A91A1143. GUEST v. THE STATE.
(411 SE2d 364)

SOGNIER, Chief Judge.

Jerry Charles Guest appeals from his conviction for child molestation, contending in his sole enumeration of error that the trial court erred by permitting the State to introduce evidence bolstering the victim's credibility. We agree and reverse.

The record reveals that the victim in this case was appellant's

ten-year-old daughter. On direct examination, the State's first witness, Sergeant Steven Waits of the DeKalb County Police Department, testified that upon talking with the police officer who first interviewed the victim and viewing a videotape of her statement, he "felt there was enough evidence to seek a warrant for [appellant's] arrest." On cross-examination, defense counsel questioned Waits regarding the fact that before taking out the warrant he had not talked with the doctor who examined the victim, the family, or any friends of the victim. On redirect examination, Waits testified that his basis for obtaining the arrest warrant for appellant was that he had viewed the videotape of the victim's statement and "felt that the [victim] had been qualified on the tape and had appeared credible in my eyes." Appellant's counsel objected to this testimony on the ground that credibility of the victim was a matter within the province of the jury, and moved for a mistrial. After the prosecutor responded that the defense had gone into "this exact area" on cross-examination, the trial court overruled the objection and denied the motion.

1. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80. This case is controlled by the explicit holding in *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988), that "[i]n no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth." Although it is true, as the State argues, that in some cases the State may be permitted to elicit otherwise objectionable testimony when the defense "opens the door," that reasoning has not been applied to evidence regarding credibility. See *Smith v. State*, 259 Ga. 135, 138 (2) (377 SE2d 158) (1989) (evidence offered in response to evidence impeaching the victim witness' believability under oath); compare *Carr v. State*, 259 Ga. 318, 320 (1) (380 SE2d 700) (1989) (admission of testimony that State caused witness to take polygraph test not error where defense opened door by inquiring into police investigation, because evidence that polygraph test was administered does not always require reversal, no inference as to result of polygraph test could be raised, and defendant did not raise credibility — bolstering issue below).

In *Smith*, supra, several defense witnesses testified at trial that they would not believe the child molestation victim under oath. On appeal, the appellant contended the trial court erred by allowing the State's child abuse expert to testify in rebuttal that she had interviewed the victim and, in her opinion, the victim was telling the truth about her accusation against appellant in those interviews. The Supreme Court agreed, holding that "[t]he rule in this state is that 'an expert may not testify as to his opinion as to the existence *vel non* of a fact . . . unless the inference to be drawn from facts in evidence is

beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves. [Cit.]' [Cit.] In the present case, the truthfulness or credibility of the victim was not beyond the ken of the jurors. The trial court therefore erred in permitting the testimony in question. [Cits.]" Id. at 138 (2). Here, as in *Smith*, the credibility of the victim was exclusively within the province of the jury and was impermissibly bolstered by the judgment of another witness that she was credible.

We find this case distinguishable from *Stamey v. State*, 194 Ga. App. 305-306 (1) (a) (390 SE2d 409) (1990), a child molestation case cited by the State in which this court refused to reverse the conviction because of ineffective assistance of counsel despite trial counsel's failure to object to a social worker's testimony that she found the victim credible. Although we recognized in *Stamey* that the social worker's testimony was offensive to the holdings in *Oliver* and *Smith*, supra, we found that her testimony that the victim was credible "was not a significant addition to her main testimony, so as to displace the jury's minds on the issue and usurp their authority" because she previously had testified extensively regarding the criteria used to measure a child victim's credibility, which the jury then could apply to the victim's testimony and form its own opinion of her credibility. Id. at 306 (1) (a). No such evidence of the standards by which to judge child victim credibility was introduced in the case sub judice.

Given that the admission of testimony bolstering the victim's credibility was found to be reversible error in *Smith*, supra, where the witness offering the testimony was an expert in child abuse who had personally interviewed the victim, a fortiori the admission of such testimony must be considered reversible error in the case at bar where the witness offering it was not an expert and had observed the victim only on videotape. Such testimony is inherently prejudicial. As proper objection was made to Waits' testimony, the trial court committed reversible error by overruling the objection. *Smith*, supra at 138 (2).

2. The State's final witness in its case in chief, the victim's fourth grade teacher, testified without objection that she was familiar with the victim's general reputation in the school community; that the victim's general reputation was good; and that she would believe the victim under oath.

Although appellant waived any objection to the testimony of the teacher by failing to object below, because we reverse the judgment below we note for purposes of retrial that " '[u]ntil the adverse party attacks the credibility of a witness, either for bad character or because of contradictory statements, the party calling him can not introduce evidence in support of his character for veracity. . . .' [Cits.]" (Emphasis omitted.) *P. D. v. State of Ga.*, 151 Ga. App. 662,

665 (5) (261 SE2d 413) (1979). See OCGA §§ 24-2-2; 24-9-84; *Duncan v. State*, 58 Ga. App. 551, 552 (1) (199 SE 319) (1938).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 15, 1991.

*Nancy K. Peterson*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara B. Conroy, J. Thomas Morgan III, Anne G. Maseth*, Assistant District Attorneys, for appellee.