## A02A0897. HALL v. THE STATE.
(566 SE2d 374)

BLACKBURN, Chief Judge.

Following a jury trial, Robert Michael Hall was convicted of three counts of cruelty to children in the first degree. A mistrial was declared by the trial court as to three additional counts of child molestation. Hall appeals the trial court's order denying his motion for a new trial. Hall contends that the trial court erred by: (1) admitting testimony of a child advocacy center employee improperly bolstering the victims' testimony; (2) allowing testimony of Dr. Tom McClaren drawing a conclusion on the ultimate issue in the case; (3) denying Hall's request for funds to hire an expert on the techniques of interviewing children; and (4) failing to rule that Hall had received ineffective assistance of counsel. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict. *Cox v. State*.[1] So viewed the evidence shows that Hall lived with Kimberly Hicks, his girlfriend, and her five children. S. H., the oldest child, was in the second grade during the time Hall lived with the family. S. G. was in first grade, K. H. and J. H. were in kindergarten, and the last child was even younger. All the children except the youngest testified. The children testified that Hall would lean them over a chair and hit them on their bottoms with a board wrapped in duct tape and with nails in it. K. H. and S. G. testified that they had bruises after the whipping. S. H., S. G., and J. H. testified that it had hurt or felt bad so that they would cry or scream. Hall admitted that he paddled the children with a board that had duct tape wrapped around it while they leaned over a chair.

1. Hall contends the trial court should be reversed for allowing testimony of Lee Jackson Hise to bolster the child victims' testimony. The trial court must determine whether the probative value of the evidence is outweighed by its tendency to unduly arouse the jury's emotions of prejudice, hostility, or sympathy under an abuse of discretion standard. *Holland v. State*.[2] During the trial, Hall cross-examined Hise, an employee of the Children's Advocacy Center in Chattanooga, Tennessee, who had conducted interviews with each of the children. Hall challenges the admission of the following testimony.

> Defense Counsel: If a child discloses immediately they must be telling the truth?

---

[1] *Cox v. State*, 241 Ga. App. 388 (526 SE2d 887) (1999).
[2] *Holland v. State*, 221 Ga. App. 821, 825 (3) (472 SE2d 711) (1996).

Hise: I didn't say that either way, you know, I feel like these children were telling the truth, if that's what you are asking me. . . .

Defense Counsel: Basically, we really have no way of knowing whether or not these children are telling the truth or not, do we?

Hise: Well, you know, I believe the children based on the interviews that I did and my experience, I think the children are telling the truth.

Defense Counsel: That's your personal opinion?

Hise: It's my professional opinion, yes, sir. . . .

Defense Counsel: So you spent an hour with each of these kids to two hours, and they were real forthcoming with all these details, and in your professional opinion, you know they must be telling the truth?

Hise: I believe they're telling the truth about what happened, yes, sir.

Admission of testimony on the credibility of a witness elicited by the State has been held to be reversible error. *Guest v. State*.[3] "Normally, a party may not bolster the veracity of its *own witness* until the witness has been impeached by the adverse party. . . . Evidence which goes to a witness's credibility is not relevant unless produced to attack the credibility of a witness, or to rehabilitate credibility when it has been attacked." (Emphasis supplied.) *Campbell v. State*.[4] In this instance, the contested testimony was not elicited by the State from its own witnesses, but was drawn out by defense counsel during cross-examination. Defense counsel initiated this line of questioning and did not object to the answers as nonresponsive. He asked similar questions of other witnesses including a psychologist who had counseled the children, a Department of Family & Children Services (DFACS) investigator, and a foster parent.

A defendant cannot object to responsive testimony that he has elicited. This Court has previously held that "[c]ounsel for defendant introduced the opinion of this witness that she believed the children when they told her the defendant committed these acts. Asserted prejudice based upon induced error is impermissible." *Keri v. State*.[5] This enumeration is without merit.

2. Hall also contends that the trial court erred in allowing the State to ask whether Dr. McClaren believed it is appropriate to whip children with a board. Dr. McClaren responded, "I do not believe

[3] *Guest v. State*, 201 Ga. App. 506, 508 (1) (411 SE2d 364) (1991).
[4] *Campbell v. State*, 248 Ga. App. 162, 164 (2) (545 SE2d 6) (2001).
[5] *Keri v. State*, 179 Ga. App. 664, 667 (1) (347 SE2d 236) (1986).

that's reasonable or a realistic way of disciplining children." Hall asserts this response goes to the ultimate issue in the case and, therefore, the witness has usurped the role of the jury. The record reflects no objections at the time of trial, and any error in this connection is waived. *Stewart v. State.*[6]

In any event, Dr. McClaren's response does not go so far as to constitute an opinion about an ultimate issue in the case. A person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain. OCGA § 16-5-70 (b). Dr. McClaren did not opine that "hitting a child with a board" is "malicious" or that it caused these children "excessive or cruel pain." This enumeration is without merit.

3. Hall next asserts that it was error for the trial court to deny Hall's request for funds to hire an expert on interviewing techniques. Hall submitted a motion for funds to hire an investigator and an expert witness to aid in the preparation of his defense. The trial court granted the motion as to the investigator for the particular purpose of interviewing the victims, but denied the request for an expert witness. " 'The granting or denial of a motion for appointment of expert witnesses lies within the sound discretion of the trial court. Unless there has been an abuse of discretion, the trial court's ruling will be upheld.' " *Brooks v. State.*[7] A motion for funds to obtain an expert witness requires a reasonable showing to the court, by the defendant, (1) why the expert's services are required; (2) what services are to be performed; (3) the identity of the expert; and (4) the cost to provide the needed services. The defendant must also demonstrate that without the assistance of the expert, the defendant's trial would be rendered fundamentally unfair. *Coalson v. State.*[8]

Hall's motion indicated that the purpose of his request was "to review the interviewing techniques employed by the State" since the State's witnesses would "offer their expertise in interviewing techniques as a basis for their credibility." Exclusion of expert testimony on the techniques used to interview children can be reversible error. *Barlow v. State.*[9] On the other hand, we cannot find abuse of discretion if the defendant failed to make a reasonable showing of the four elements or if prejudice to the defendant has not resulted from the trial court's decision. Here, Hall was not prejudiced by the court's denial of his motion to authorize retention of an expert in interviewing children, where he admitted the underlying facts as represented

[6] *Stewart v. State*, 210 Ga. App. 474, 477 (7) (436 SE2d 679) (1993).
[7] *Brooks v. State*, 232 Ga. App. 115, 116 (6) (501 SE2d 286) (1998).
[8] *Coalson v. State*, 251 Ga. App. 761, 766 (3) (555 SE2d 128) (2001).
[9] *Barlow v. State*, 270 Ga. 54 (507 SE2d 416) (1998).

by the children. Hall also failed to provide the trial court with the identity of the expert and the cost of the services as required to authorize the appointment of an expert.

4. Hall asserts defense counsel rendered ineffective assistance by his failure to reserve objections to the jury instructions and to object to testimony by Dr. McClaren, a clinical psychologist, on the child abuse accommodation syndrome. "A trial court's determination that a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. [Cit.]" *Holland v. State.*[10]

> Generally, a defendant claiming ineffectiveness of counsel bears the burden of proving that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Jones v. State,*[11] citing *Strickland v. Washington.*[12]

(a) Prior to trial, the State filed a notice that it intended to present evidence of similar transactions in that Hall maliciously caused "[J. H.], a child under the age of 18, cruel and excessive pain by slinging him into a couch causing a black eye." No hearing was held to determine the admissibility of the similar transaction evidence. Instead, during direct examination, the State asked J. H. about the black eye incident. J. H. testified Hall slung him against a couch, they had just been playing, and he got a black eye. The principal of J. H.'s school testified about the black eye, identifying a picture of it. The trial court admitted the picture into evidence upon argument by the State that the incident was a prior difficulty.

Evidence of a prior difficulty is admissible when an instruction is given by the court which limits the use of the evidence to show the defendant's motive, intent, and bent of mind. *Stiles v. State.*[13] At Hall's trial, the trial court instructed the jury about similar transactions, but failed to include the prior difficulties charge. The charge for similar transactions limits consideration of such evidence to prove the identity, state of mind, and conduct of the defendant in connection with the offense charged in the indictment. In *Hill v. State,*[14] we found that the trial court did not err in giving a similar transaction

---

[10] *Holland v. State*, 250 Ga. App. 24-25 (550 SE2d 433) (2001).
[11] *Jones v. State*, 230 Ga. App. 65-66 (495 SE2d 327) (1997).
[12] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[13] *Stiles v. State*, 242 Ga. App. 484, 486 (2) (529 SE2d 913) (2000).
[14] *Hill v. State*, 243 Ga. App. 124, 125 (2) (532 SE2d 491) (2000).

charge instead of the prior difficulty instruction when a child care provider's testimony constituted a prior difficulty incident rather than a similar transaction.

> [T]estimony [about prior difficulties] may be considered more broadly than evidence of a similar transaction. . . . Evidence of previous difficulties between a defendant and a victim is admissible to show the defendant's intent, bent of mind, and *course of conduct*. Such evidence may be admitted to show a continuing pattern of conduct in committing battery upon the victim. . . . Because testimony of prior difficulties has considerably more relevance than evidence of similar transactions, the appropriate jury instruction is correspondingly broader in scope. The trial court may instruct the jury that such evidence may be considered for a limited purpose on the question of the defendant's conduct, bent of mind, motive, scheme, purpose, or intent to commit the crime with which he was charged.

(Citation and punctuation omitted.) Id. at 126 (2). Therefore, use of the more limiting instruction is not error, and counsel's failure to reserve exceptions would not have changed the outcome of the case.

(b) Hall also contends that trial counsel was ineffective because he did not object to the qualification of Dr. McClaren as an expert on the child abuse accommodation syndrome and to the admission of his testimony about the syndrome.

> An expert witness is anyone who, through training, education, skill, or experience, has peculiar knowledge that the average juror would not possess as to "any question of science, skill, trade, or like questions"; the expert witness may render an expert opinion within the witness' area of expertise after the qualifications have been proven to the trial court. . . . The requirements for qualification as an expert witness are minimal; generally, nothing more is required to qualify an expert than evidence that the person has been educated in a particular trade, science, or profession. . . . It is the possession of special knowledge derived either from experience, study, or both in a field of expertise that makes one an "expert."

*In the Interest of C. W. D.*[15]

In this case, Dr. McClaren was qualified by education, experi-

---

[15] *In the Interest of C. W. D.*, 232 Ga. App. 200, 206 (3) (a) (501 SE2d 232) (1998).

ence, and study to be an expert. On direct examination, Dr. McClaren testified that he was a clinical psychologist, he had a doctorate in psychology with a special emphasis in working with children and adolescents, the majority of his practice for eight years had been focused on children, and he had read literature and research on the child abuse accommodation syndrome. Although no formal tender was made of Dr. McClaren as an expert on the child abuse accommodation syndrome, during his direct examination, Dr. McClaren explained that a child, suffering from the accommodation syndrome, may change or recant something they have said if they are in a fearful situation. Notwithstanding that defense counsel did not object to Dr. McClaren as an expert, he did ask several questions about Dr. McClaren's credentials and study of the syndrome and used cross-examination to show that the child abuse accommodation syndrome cannot predict whether a child is being truthful or not.

> In the absence of testimony to the contrary, counsel's actions are presumed strategic. The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with the client.

(Punctuation omitted.) *Bevil v. State.*[16] Without further evidence, it cannot be presumed that counsel's actions were other than strategic or tactical decisions, and, therefore, we cannot find that his failure to object to Dr. McClaren as an expert constituted ineffectiveness.

Any objection as to Dr. McClaren's qualifications as an expert in this case would have had no merit, and Hall was thus not harmed by this failure to object. All the children's testimony was consistent as to the whippings with a board wrapped in duct tape. The school principal and a DFACS worker testified that J. H. had bruises or marks on his back. The principal, a DFACS worker, a foster parent, and the psychologist all testified that the children had told them of the beatings. Hall himself admitted to the sheriff's investigator and in his own testimony at trial that he whipped the children with a board wrapped in duct tape. Therefore, Hall has failed to prove ineffectiveness of counsel, under the prejudice prong of the *Strickland* test, since he has not shown that the verdict would have been different if the accommodation syndrome testimony had been excluded.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[16] *Bevil v. State*, 220 Ga. App. 1, 4-5 (7) (c) (467 SE2d 586) (1996).

DECIDED JUNE 4, 2002.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.