## A03A1267. HOLMES v. THE STATE.
### (588 SE2d 825)

MILLER, Judge.
Following a jury trial, Thomas Lee Holmes appeals his convictions for aggravated sexual battery and child molestation. He argues that the trial court erred in (1) excluding evidence of prior false allegations by the victim, (2) allowing testimony that improperly bolstered the victim's testimony, and (3) instructing the jury to pay particular attention to a videotaped interview of the victim. We discern no error and affirm.

1. Holmes argues that the trial court erred in disallowing evidence of prior false allegations by the victim.

Evidence of prior false accusations of sexual misconduct made by the prosecutrix is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. However, before evidence of a prior false accusation can be admitted, the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists. Defendants have the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of [sexual misconduct]. Finally, a trial court's ruling upon the admissi-

bility of such evidence will not be overturned absent an abuse of discretion.

(Citations and punctuation omitted.) *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998).

The victim's 15-year-old brother, D. G., testified that the victim had accused Thomas Bryson of child molestation, but that he did not know whether the accusation was true or false. D. G. further testified that the victim had also accused Wendell Elam of child molestation, and that Elam was tried and found not guilty. When asked whether the victim's accusation against Elam was true, D. G. responded that the victim "[l]ies a lot," and that the accusation was false because he was present on the day the molestation allegedly took place. D. G. explained that the victim and Elam were sitting on the couch while he and his brother were on the floor in front of them watching television. The victim testified that Elam pulled her from the floor to sit next to him on the couch, "put [her] hand on his private parts, and then put his hand on [her] private parts and stuck his finger inside [her] private." A Department of Family and Children Services employee testified that Holmes told her that the victim had recanted her accusation again Elam.

The court concluded in part that "credible evidence in this case and the evidence presented reflects that there is a reasonable probability that the allegations were true." The testimony regarding Bryson was based upon hearsay and there was no evidence presented that the accusation against him was false. The testimony regarding the victim's allegations against Elam was based upon hearsay (DFCS employee testified as to what Holmes told her), and the testimony of D. G., who claimed that he was sitting in front of the victim and Elam and watching television when the incident allegedly took place. The victim testified that her accusation against Elam was true. The trial court was the ultimate judge of the witnesses' credibility, and as such, we cannot conclude that the trial court abused its discretion in excluding the evidence. See *Kelley*, supra, 233 Ga. App. at 251 (5); compare *Tyson v. State*, 232 Ga. App. 732, 733-734 (2) (503 SE2d 640) (1998) (victim admitted that allegation of molestation was false); *Hines v. State*, 221 Ga. App. 193, 194 (470 SE2d 787) (1996) (victim was equivocal as to the location where the molestation allegedly occurred).

2. In his second enumeration, Holmes argues that the trial court erred in allowing certain testimony that improperly bolstered the victim's testimony. An investigator with the sheriff's office read to the jury a portion of her interview with Holmes in which she stated to Holmes that she believed the victim was being truthful about the

accusations. Holmes argues that this statement improperly bolstered the victim's testimony.

Holmes waived this argument below when he stated he had no objection to such testimony and in fact collaborated with the State to redact other inadmissible portions of the interview. When the trial court inquired if the defense had any objection to the transcript, counsel responded, "I've seen it and I have no objection to it being tendered as long as it doesn't go out with the jury." "Asserted prejudice based upon induced error is impermissible." (Citation omitted.) *Keri v. State*, 179 Ga. App. 664, 667 (1) (347 SE2d 236) (1986); see also *Mayo v. State*, 261 Ga. App. 314, 318 (5) (582 SE2d 482) (2003) (too late to object to the admission of evidence after it has been admitted without objection); *Fitzgerald v. State*, 193 Ga. App. 76, 77 (5) (386 SE2d 914) (1989) (no appellate review where defendant failed to object at trial to testimony impermissibly bolstering the credibility of victim).

3. Holmes argues that the trial court erred in its instruction to the jury prior to playing a videotape of an interview with the victim. The trial court instructed the jury:

> [T]his will be the only time you will have a chance to see [the videotape], so pay particular attention to it in order to remember what it shows and what it says. In addition to that, and the reason I emphasize this, very frequently when these things are played in the past, jurors have sent back and wanted to receive the videotape back in the jury room and play it or see it again, and the Court doesn't like to do that. . . .

Holmes argues that by instructing the jury to pay particular attention to the videotape, the court intimated its opinion as to what weight should be given to the evidence, and that the court's statements placed undue emphasis on the victim's testimony. However, Holmes failed to object to the court's instruction and cannot now raise the issue on appeal. See *Roberts v. State*, 258 Ga. App. 107, 110 (4) (572 SE2d 744) (2002); *Lee v. State*, 241 Ga. App. 182, 184 (3) (525 SE2d 426) (1999). In any case, such instruction was merely advisory — to put the jury on notice that it would not be allowed to view the videotape during deliberations. Any emphasis was minimized by the court's instruction that by no ruling or comment did the court intend to express an opinion on the evidence.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 16, 2003.

*Cook & Connelly, Rex B. Abernathy*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney*, for appellee.