## A05A1744. WOODS v. THE STATE.
### (622 SE2d 436)

ELLINGTON, Judge.

A Newton County jury convicted Steven Hope Woods of four counts of sexual battery, OCGA § 16-6-22.1 (b),[1] as a lesser included offense of child molestation.[2] In this appeal, he contends the trial court erred in finding that he had not demonstrated that he received ineffective assistance of counsel at trial.[3] Finding no error, we affirm.

---

[1] "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). The statute defines "intimate parts" as the "primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." OCGA § 16-6-22.1 (a).

[2] Woods was acquitted of two counts of child molestation.

[3] Woods appealed from the denial of his motion for new trial and raised ineffective assistance of counsel for the first time in the appeal. This Court remanded the case back to the trial court for a hearing on the issue of ineffectiveness of counsel.

> Generally, a defendant claiming ineffectiveness of counsel bears the burden of proving that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citations omitted.) *Hall v. State*, 255 Ga. App. 631, 634 (4) (566 SE2d 374) (2002). "A trial court's determination that a defendant was not denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citation and punctuation omitted.) Id.

The evidence at trial showed that the nine-year-old victim was Woods' stepdaughter. The victim testified that Woods rubbed her several times "in places [she] didn't want him to," including her breasts, legs, buttocks, and the "private areas" on the "inner part" of her legs. The victim also described the same acts during two interviews with a police investigator, one of which was videotaped. The 48-minute videotape was played for the jury. The investigator testified that the victim's interviews were "pretty much parallel[ ]," and the "core elements [of the alleged acts] were almost identical," although she "remembered a little bit more" in one interview than in the other. He testified that such deviations are "expected," especially with young victims, and he would have been concerned if the two interviews were "mirror image[s]."

In addition, four witnesses testified about outcry statements made by the victim about Woods' acts. Further, the victim's cousin testified that he saw Woods rubbing his hands "all over" the victim and kissing her neck "like boyfriend and girlfriend."

Woods contends that his trial counsel's representation was deficient when counsel failed to object to a police investigator's testimony that the victim's report of sexual abuse was "believable" to him. The transcript shows that, during an ongoing investigation of the victim's allegations against Woods, a police investigator asked Woods to come to the sheriff's office for an interview. According to the investigator, at the time of the interview, Woods had not been arrested for or charged with any crime and was not in custody, and Woods voluntarily came in to give a statement. During Woods' interview, the investigator played several minutes of the victim's videotaped interview for Woods so that Woods could hear what the victim was alleging. On cross-examination, Woods' counsel questioned the investigator at length about the interviews with the victim and Woods. During this questioning, the following exchange took place:

Defense counsel: [Y]ou played a portion of the [victim's videotaped interview] for [Woods,] but not all of the videotape; is that correct?

Investigator: Yes.

Defense counsel: Why did you choose not to play it all for [Woods]?

Investigator: The length. What I was showing [Woods] is the [victim's] attitude, her demeanor, what she was saying, how she was saying it. What she was repeating was consistent, and it was believable to me, and I was showing him what his stepdaughter had said.

Defense counsel: Okay. But you didn't show him the entire tape so he could know everything that she was accusing him of doing.

Investigator: No, I didn't take the time to [show him] the whole tape.

At the motion for new trial hearing, Woods' trial counsel testified that he did not hear the "believable" statement and did not even realize that it had been made until he reviewed the trial transcript.

Following the hearing, the trial court found that counsel's failure to object did not warrant reversal for two reasons. First, Woods' counsel elicited the testimony while he was attacking the investigator's interview of Woods. The investigator's explanation of why he only showed Woods a portion of the videotape of the victim's interview was a reasonable response to the question asked by counsel. As the trial court recognized, "a defendant cannot object to responsive testimony that he has elicited." *Hall v. State*, 255 Ga. App. at 632 (1) (holding that "[a]sserted prejudice based upon induced error is impermissible") (citation and punctuation omitted). See also *Weeks v. State*, 270 Ga. App. 889, 891-892 (1) (c) (608 SE2d 259) (2004) (accord). Accordingly, since there was no basis for counsel to object to the testimony, the trial court's finding that Woods failed to show that counsel's "oversight" constituted ineffective assistance was not clearly erroneous.[4] See *Hall v. State*, 255 Ga. App. at 636 (4) (b) (defendant could not show prejudice by counsel's failure to raise an objection that was without merit); *Weeks v. State*, 270 Ga. App. at 895 (3) (c) (accord).

Second, the trial court properly found that admission of the investigator's statement did not amount to plain error that would

---

[4] Woods' reliance on *Guest v. State*, 201 Ga. App. 506 (411 SE2d 364) (1991), is misplaced. In *Guest*, the State elicited testimony that a police officer found the child victim to be credible, and defense counsel immediately objected and moved for a mistrial. Id. at 507. On appeal, this Court found the trial court committed reversible error in overruling counsel's objection. Id. at 508 (1).

require reversal even absent an objection. See *Horne v. State*, 262 Ga. App. 604, 606 (1) (586 SE2d 13) (2003) ("the admission of evidence bolstering a witness's credibility . . . is not the kind of error that seriously affects the fairness, integrity, or public reputation of a judicial proceeding") (footnote omitted).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 25, 2005 — 

*Lloyd J. Matthews*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.