## A06A1530. MENARD v. THE STATE.
(637 SE2d 105)

ADAMS, Judge.

Eddie Menard, Jr. was found guilty and convicted on two counts of child molestation. He was sentenced to ten years on each count to run consecutively. On appeal, Menard contends that the trial judge allowed improper bolstering of the victim's credibility, that his counsel was ineffective for failing to object to the bolstering, that the trial judge erred by failing to allow evidence of prior false accusations by the victim, and that the evidence was insufficient to sustain the verdict.

1. Construed in favor of the verdict, the evidence shows that Menard inappropriately touched a girl who was approximately 11 or 12 years old at the time. The victim, N. L., and her brother and little sister had gone to the Menards' to spend the night. Menard lived there with his wife and child. The children planned to sleep in the same room, except that N. L. and her brother got into an argument. N. L. went to sleep on the couch in the living room where Menard was watching television; his wife was not in the room. While N. L. was asleep she felt Menard pulling down her underwear and touching her vagina and raising her shirt up and touching her breast. He also took her hand and put it on his penis, which was erect. She started crying, whereupon he picked her up and took her into the room where the other children were sleeping. N. L. explained that Menard was wearing a robe but no underwear. The child told investigators that the event took place in the summer of 2001, but she was not very sure about the date, and she said that it could have been 2002. She testified that it was "[a]round July 2001, 2002." Finally, a witness testified to a similar incident involving Menard when she was visiting his house as an 11-year-old girl.

Menard was charged with three counts of child molestation: for touching the victim's breast, for touching the victim's vagina, and for putting the victim's hand on his penis. He was acquitted of the first charge. The evidence was sufficient to support the convictions on the final two charges.

2. Menard contends the trial court erred by allowing improper bolstering of the victim's credibility and that his counsel was ineffective for failing to object. But our review of the transcript shows that Menard's trial counsel elicited the testimony — about which he now complains — as a part of an attempt to attack the victim's credibility. Counsel engaged in a lengthy cross-examination of the principal investigating officer about the child's credibility and the consistency of her pre-trial statements; it was during this exchange that the two comments at issue came up.[1] Also, at the hearing on the motion for new trial, Menard's trial counsel testified that showing inconsistencies in the child's statements was a part of his strategy and that he did not feel that the unintended bolstering "was significant enough to make an issue of it."

Because defense counsel elicited the testimony, Menard cannot now complain about the evidence even if it bolstered the victim's credibility. *Woods v. State*, 276 Ga. App. 99, 101 (622 SE2d 436) (2005)

---

[1] At one point the investigator testified that the child's statement "is consistent as far as the abuse. . . ." At another point, the investigator was asked, "Aren't you supposed to try to figure out the truth of it when you start getting different stories?" The investigator replied, "I believe she's been truthful about the allegations."

(defendant cannot object to responsive testimony that he has elicited); *Hall v. State*, 255 Ga. App. 631, 632 (1) (566 SE2d 374) (2002) (same). Furthermore, since there was no basis for counsel to object to the testimony, the trial court's finding that defense counsel was not ineffective by failing to object was not clearly erroneous. *Woods*, 276 Ga. App. at 101. See also *Davenport v. State*, 278 Ga. App. 16, 19 (1) (628 SE2d 120) (2006) (not plain error to admit evidence bolstering a witness's credibility).

3. Finally, Menard contends the trial court erred by refusing to allow introduction of evidence that the victim had made prior false accusations of sexual misconduct. "[E]vidence of prior false accusations is admissible to attack the credibility of the prosecutrix and as substantive evidence tending to prove that the instant offense did not occur. [Cits.]" *Smith v. State*, 259 Ga. 135, 137 (377 SE2d 158) (1989). But "before such evidence can be admitted, the trial court must make a 'threshold determination (outside the presence of the jury) that a reasonable probability of falsity exists.'" Id. The defendant has the burden of coming forward with appropriate evidence. *Holmes v. State*, 263 Ga. App. 644 (1) (588 SE2d 825) (2003). The trial court's ruling will not be overturned absent an abuse of discretion. *Strickland v. State*, 205 Ga. App. 473, 474 (422 SE2d 312) (1992).

During the trial, Menard proffered evidence of another incident where N. L. accused someone of molestation and intercourse, and he introduced evidence in an attempt to show that this accusation was false. First, an investigator testified that N. L. alleged that her cousin, E. P., had intercourse with her on a regular basis at a time that she was temporarily residing at E. P.'s family home. The child reported that E. P.'s sister, T. P., was asleep beside her on the floor at the time of some of these events. E. P., the accused, who was eighteen years old at the time of the trial, testified and admitted that there was a time that N. L. lived at his house for about six months in the year 2000 and that he would have been about thirteen years old. But he denied any sexual or improper physical contact with N. L. E. P.'s sister T. P. testified that she spoke to N. L. at the time that N. L. had first made these allegations against E. P. T. P., who would have been 11 or 12 years old at the time, testified that she asked N. L. if E. P. did it, and that N. L. responded, "No." T. P. testified that she continued, "Well, why are you saying that he did? And [N. L.] said she didn't know why they was accusing my [brother] when he didn't do it." Finally, T. P. testified that she never witnessed her brother doing anything improper to N. L. but she essentially admitted that she could have been asleep. And she testified that she would only believe that her brother had done what was alleged if she had witnessed it herself.

N. L. then testified that E. P. had touched her vagina many times and that twice he had at least begun intercourse. The incidents

occurred at E. P.'s family's home in E. P.'s sister's room and in the living room. She testified to a conversation similar to the one that T. P. reported, but she denied saying that the allegations were false. Rather, she testified that she told T. P. that E. P. "really did touch me." Finally, she reiterated and reaffirmed that E. P. had touched her improperly on those earlier occasions.

The trial court then ruled that Menard had not carried his burden of establishing a reasonable probability of the falsity of the allegations about E. P. and that therefore the evidence would not be presented to the jury. We find no abuse of discretion. We have consistently held that a denial by the accused that is not supported by other evidence is insufficient to meet the required standard. See, e.g., *Williams v. State*, 266 Ga. App. 578, 580-581 (597 SE2d 621) (2004); *Gilmer v. State*, 234 Ga. App. 309, 310 (2) (506 SE2d 452) (1998). Also, the fact that the accused is never prosecuted is also insufficient to meet the standard. *Williams*, 266 Ga. App. at 580-581, and cases cited therein.

The sister's testimony must also be considered. But the trial court was authorized to judge her credibility, along with the other witnesses. *Holmes*, 263 Ga. App. at 645 (1). Here, the judge had evidence of the sister's loyalty to the accused, and the judge was also allowed to weigh the fact that the sister admitted that she may have been asleep at the time of any incidents. Furthermore, the only evidence she presented was one conversation that two 11- or 12-year-old girls had over four years before the trial. We hold that the trial court did not abuse its discretion in concluding that Menard had not presented sufficient evidence to establish a reasonable probability that N. L.'s prior accusation against E. P. was false. Therefore we affirm the decision prohibiting the evidence from being admitted in the present case.

The case of *Ellison v. State*, 198 Ga. App. 75 (400 SE2d 360) (1990), is distinguishable. In that case there was no evidence that the independent witness — a friend of the victim — had a bias in favor of the alleged perpetrator. Also, in that case evidence was presented to suggest the allegations could be partly the result of the victim's emotional distress.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 27, 2006.

*Oliver J. Browning, Jr.*, for appellant.
*Donald N. Wilson, District Attorney, Minerva S. Cansino, Craig E. Miller, Assistant District Attorneys*, for appellee.