680 S.E.2d 541 (2009)
HILLIARD
v.
The STATE.
No. A09A0131.
Court of Appeals of Georgia.
June 23, 2009.
*542 Paul K. Cook, Vidalia, for appellant.
Tom Durden, Dist. Atty., Sandra Dutton, Asst. Dist. Atty., for appellee.
DOYLE, Judge.
A Tattnall County jury found Robert Christopher Hilliard guilty of aggravated sexual battery[1] and child molestation.[2] On *543 appeal, Hilliard argues that (1) the trial court erred by denying his motion for mistrial after a witness improperly testified about the victim's credibility; (2) the trial court erred by failing to charge the jury on sexual battery[3] as a lesser included offense to child molestation; (3) the trial court erred by allowing similar transaction evidence; and (4) the trial court erred by allowing, and trial counsel was ineffective for failing to object when the court allowed, testimony about the victim's out-of-court statements prior to the victim's testimony. For the following reasons, we affirm.
The evidence presented at trial showed that the victim, J.C., who was 11 years old at the time of the incident, was Hilliard's biological daughter. J.C. testified that on the night of August 29, 2006, and the early morning hours of August 30, Hilliard entered her bedroom with a flashlight, and he reached under the covers, rubbed her buttocks, and inserted his finger into her anus. J.C. was awake during the encounter, but she feigned sleep, and Hilliard quickly left the room anytime she appeared to be stirring from sleep; however, he returned to her room and repeated the abuse throughout the night.
On the morning of August 30, J.C. told her mother, who initially disbelieved the child, about a portion of the night's events; however, that same day, J.C. also reported the abuse to Dr. Martha Thrift, her school counselor. On August 31, 2006, a physical examination of J.C. showed redness of the anus, thick vaginal discharge, and a urinary tract infection, symptoms that were consistent with sexual assault as described by J.C. J.C. was interviewed at a child advocacy center by Gail Carter, and the interview was videotaped and played for the jury. Thrift and Carter testified about J.C.'s statements to them about the abuse, and the version of events to which J.C. testified in court was substantially similar to the events she described to Thrift and Carter.
Additionally, J.C.'s 15-year-old half-sister, C.C. (who was not related to Hilliard), testified that in mid-August, about two weeks prior to the incident described by J.C., Hilliard attempted to pull down C.C.'s shorts as she slept in the living room. C.C. testified that when she looked up to see who was touching her, Hilliard quickly moved away and acted as if he had not been touching her. The next day, C.C. demanded to move in with her grandmother, but she did not report the incident until she found out about J.C.'s abuse.
1. First, Hilliard argues that Carter improperly bolstered J.C.'s credibility by testifying that she believed J.C.'s story, and the trial court erred by failing to grant him a mistrial and by failing to grant his motion for new trial in relation to this testimony. We disagree.
"Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial."[4] "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court[,] and in no circumstance may a witness' credibility be bolstered by the opinion of another ... as to whether the witness is telling the truth."[5]
Here, on cross-examination and in response to repeated questions by defense counsel regarding whether J.C.'s testimony could have been affected by a threat from a Department of Family and Children Services worker that she and her siblings would be taken away from their mother if J.C. did not cooperate with the investigation of Hilliard, Carter stated that she thought J.C. was telling the truth during her interview of the child. Defense counsel objected to the response, which the trial court sustained, and the court immediately instructed the jury to disregard Carter's opinion of J.C.'s veracity.
*544 Hilliard cites to Patterson v. State,[6]Smith v. State,[7] and Guest v. State[8] to support his contention that his motion for mistrial should have been granted after Carter's statement; however, those cases are inapposite. In those cases, the State had elicited the testimony from the witnesses, either on direct or re-direct examination, and the trial courts had overruled defense objections to the evidence, allowing the witnesses to testify about the victims' credibility.[9] In this case, however, Carter's statement was made on cross-examination, and asserted prejudice based on induced error is not a basis for reversal.[10] Additionally, the trial court immediately issued a curative instruction to the jury to disregard the portion of Carter's testimony concerning J.C.'s credibility, and because the trial court took corrective measures to ensure a fair trial, we find that the trial court's denial of Hilliard's motion for mistrial was not an abuse of discretion.[11]
2. Next, Hilliard argues that the trial court erred by failing to charge the jury on sexual battery as the lesser included offense of child molestation as requested by trial counsel.
The offense of child molestation requires a showing that a person committed "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[12] The offense of sexual battery, in contrast, requires only that a person "intentionally make[ ] physical contact with the intimate parts of the body[, including the buttocks,] of another person without the consent of that person."[13] "Sexual battery may be a lesser included offense of child molestation," but there is no error in failing to give the charge if "the state's evidence establishes all the elements of an offense[,] and there is no evidence raising the lesser offense."[14]
Both Hilliard and the State concede that the indictment contained the necessary elements of sexual battery. Nevertheless, the State contends, and we agree, that there was no evidence presented at trial that warranted a charge on sexual battery.[15] Hilliard's theory of the case, as evinced by his questions to the witnesses, and his statement to police, which was admitted into evidence (he did not testify at trial), consisted of attacking J.C.'s veracity and denying that he had any physical contact with her. Thus, because Hilliard denied any contact with J.C., the evidence presented at trial did not afford the jury the alternative of finding him guilty of sexual battery in lieu of child molestation.[16] Accordingly, the trial court did not err by refusing to give instructions for sexual battery as a lesser included charge.
3. Hilliard also argues that the trial court erred by allowing C.C.'s testimony as evidence of a similar transaction.
*545 "The decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous."[17]
To be admissible for the purposes of establishing motive, intent, course of conduct[,] or bent of mind, the State must show (a) sufficient evidence that the similar transaction occurred and (b) sufficient connection or similarity between the similar transaction and the crime alleged so proof of the former tends to prove the latter. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. This rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.[18]
In Cowan v. State, we determined that the trial court did not err in allowing testimony of the victim's half-sister that the defendant had committed a similar act against her, even though the half-sister did not report the abuse until after the victim's initial outcry of abuse.[19] Similarly, in this case, C.C.'s testimony was sufficient to establish that Hilliard previously attempted to touch her in an inappropriate manner, and the fact that C.C. did not speak out about the abuse prior to J.C.'s outcry does not warrant a determination that the trial court abused its discretion by allowing C.C.'s testimony.[20]
Additionally, Hilliard's argument that there was insufficient similarity or connection between the incident involving C.C. and the alleged crimes against J.C. also is without merit. "It is well established that similar transactions need not be identical to be admitted, and in cases involving sexual offenses, that rule is to be liberally construed."[21] Here, although C.C. did not allege penetration on the part of Hilliard, she explained that Hilliard pulled at her shorts, at which time she awoke, and Hilliard was unable to continue. Previously, we have determined that testimony about a defendant's similar behavior that could have resulted in, but did not actually result in, an attack could be admitted as similar transaction evidence.[22] In this case, C.C. described how Hilliard fled across the room and acted as if he was watching television when she discovered him in much the same way that J.C. testified that Hilliard fled from her room when she stirred. Accordingly, the trial court did not abuse its discretion by allowing C.C.'s testimony because it was substantially similar to J.C.'s characterization of Hilliard's abuse.
4. (a) Finally, Hilliard argues that the trial court erred by allowing Dr. Thrift to testify about J.C.'s out-of-court statements concerning allegations against Hilliard prior to J.C.'s actual testimony at trial.
Under OCGA § 24-3-16,
[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement *546 provide sufficient indicia of reliability.
"The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion."[23]
Here, trial counsel did not object to admission of the testimony at issue; in any event, however, the trial court did not abuse its discretion by allowing Dr. Thrift to testify prior to J.C.'s testimony because OCGA § 24-3-16 allows testimony about a child's out-of-court statements even in cases when the child does not appear as a witness, as long as the child is available at the trial to testify.[24] In this case, J.C. took the stand and testified, and Hilliard was able to thoroughly cross-examine her (and Dr. Thrift) about J.C.'s prior out-of-court statements.[25]
(b) Hilliard also argues that trial counsel was ineffective for failing to object to Dr. Thrift's testimony about J.C.'s out-of-court statements.
[T]o prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.[26]
Here, trial counsel's failure to object to Dr. Thrift's testimony as to what J.C. told her about the incident "was not deficient in that these statements would have been admissible under the Child Hearsay Statute in that [J.C.], age [11 at the time of the incident], was a witness at trial whom the defendant cross-examined."[27] Accordingly, Hilliard is unable to show ineffective assistance of counsel, and this enumeration is without merit.
Judgment affirmed.
BLACKBURN, P.J., and ADAMS, J., concur.
NOTES
[1] OCGA § 16-6-22.2(b).
[2] OCGA § 16-6-4(a).
[3] OCGA § 16-6-22.1(b).
[4] (Punctuation omitted.) Carr v. State, 282 Ga. 698, 701(3), 653 S.E.2d 472 (2007).
[5] (Citation and punctuation omitted.) Guest v. State, 201 Ga.App. 506, 507(1), 411 S.E.2d 364 (1991).
[6] 278 Ga.App. 168, 628 S.E.2d 618 (2006).
[7] 259 Ga. 135, 377 S.E.2d 158 (1989).
[8] 201 Ga.App. at 506, 411 S.E.2d 364.
[9] See Smith, 259 Ga. at 138(2), 377 S.E.2d 158; Patterson, 278 Ga.App. at 169, 628 S.E.2d 618; Guest, 201 Ga.App. at 507-508(1), 411 S.E.2d 364.
[10] See Hall v. State, 255 Ga.App. 631, 632(1), 566 S.E.2d 374 (2002) (holding that no error occurred when the trial court allowed testimony concerning the victim's credibility that was elicited by defense counsel on cross-examination).
[11] See Cortez v. State, 286 Ga.App. 170, 174(2), 648 S.E.2d 488 (2007).
[12] OCGA § 16-6-4(a).
[13] OCGA § 16-6-22.1(b).
[14] (Punctuation omitted.) McGruder v. State, 279 Ga.App. 851, 855-856(2)(b), 632 S.E.2d 730 (2006).
[15] See, e.g., id.; Lucas v. State, 295 Ga.App. 831, 833(3), 673 S.E.2d 309 (2009); Linto v. State, 292 Ga.App. 482, 486-487(4), 664 S.E.2d 856 (2008).
[16] See Walker v. State, 279 Ga.App. 749, 751-752(3)(a), 632 S.E.2d 482 (2006) (holding that evidence that intentional touching of the child's intimate parts, but without the intent necessary to prove child molestation, would require an instruction on the lesser included offense of sexual battery, but the charge was not necessary when the prosecution presented evidence of intent, and the defense contended that the victim fabricated the event); McGruder, 279 Ga.App. at 855-856(2)(b), 632 S.E.2d 730.
[17] Payne v. State, 285 Ga. 137, 138, 674 S.E.2d 298 (2009). But see Cowan v. State, 279 Ga.App. 532, 535(4), 631 S.E.2d 760 (2006) (reviewing trial court decision to allow similar transaction evidence under the abuse of discretion standard).
[18] (Citations and punctuation omitted.) Payne, 285 Ga. at 138, 674 S.E.2d 298.
[19] 279 Ga.App. at 532, 535(4), 631 S.E.2d 760.
[20] See id.
[21] (Punctuation omitted.) Parker v. State, 283 Ga.App. 714, 721(3), 642 S.E.2d 111 (2007).
[22] See De'Mon v. State, 262 Ga.App. 10, 13-14(2), 584 S.E.2d 639 (2003) (holding that similar transaction evidence presented by two women who were approached by a man who later was accused of raping and assaulting two other women was properly admitted because, even though the man did not attack the women, their testimony demonstrated a pattern of targeting women in secluded areas, while no other adults were around).
[23] (Punctuation omitted.) In the Interest of S.S., 281 Ga.App. 781, 783, 637 S.E.2d 151 (2006).
[24] See id.; Amerson v. State, 268 Ga.App. 855(1), 602 S.E.2d 857 (2004) ("OCGA § 24-3-16 requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony") (punctuation omitted).
[25] See Harris v. State, 279 Ga.App. 241, 242-243(2), 630 S.E.2d 853 (2006).
[26] (Punctuation omitted.) Shields v. State, 285 Ga. 372(4), 677 S.E.2d 100 (2009).
[27] Silcox v. State, 241 Ga.App. 845, 846(c), 528 S.E.2d 271 (2000).